NUMBER 13-99-717-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ____________________________________________________________ 



CHRISTOPHER RAMOS , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

____________________________________________________________ 


On appeal from the 347th District Court

of Nueces County, Texas.

____________________________________________________________ 



O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez 

Opinion by Chief Justice Valdez

 
 

Appellant Christopher Ramos, an inmate in the Institutional Division of the Texas Department of Corrections, was tried on
a two-count indictment of aggravated assault(1) and engaging in organized criminal activity(2) for stabbing another inmate in
the eye with a pen in a group attack on the other inmate. Appellant was convicted of both counts and sentenced to thirty
years incarceration for the aggravated assault offense, and thirty-eight years incarceration for the organized criminal activity
offense. The trial court ordered that the two sentences run consecutively. On appeal, appellant challenges the legal and
factual sufficiency of the evidence that he engaged in organized criminal activity, and argues that the order causing the
sentences to run consecutively is void because they arose out of the same criminal episode. We affirm the judgment of the
trial court as modified. 

The complainant testified that over a year prior to the assault he had expressed an interest in joining a prison gang called
the Mexican Mafia and that the gang offered him initiation if he did them a favor and killed someone for them. He testified
that when he did not commit murder to gain initiation, an attack was ordered to discipline him for his refusal. 

Appellant was with a group of inmates segregated in a separate cell block because they were members of a disruptive
prison gang. The complainant was in the process of performing his duties as a trustee, picking up some trays in this part of
the prison after supper. Access to the cell block was controlled by an inner and an outer door. The inner door would be
opened, the inmates would slide their trays out, and then it would close, confining the inmates while allowing access to the
trays when the outer door was opened. On the evening of this occasion, the guard allowed both doors to stay open at the
same time so the group of prisoners (including appellant) were not confined behind the inner door. They charged through
when complainant came through the outer door, and kicked, punched, and repeatedly stabbed complainant with a pen. 

In his first issue, appellant argues that the evidence was legally insufficient to prove that the group that made the assault, of
which he was a part, was a criminal street gang. The standard of review for a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). In a legal sufficiency review, we review the evidence in the light most favorable to
the jury's verdict. Id. This standard is the same when evaluating direct and circumstantial evidence. King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1991). 

A person commits the offense of engaging in organized criminal activity if, with the intent to establish, maintain, or
participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or
conspires to commit an aggravated assault. Tex. Pen. Code Ann. § 71.02 (a)(1) (Vernon Supp. 2001). The person accused
of this offense must have the specific intent to participate in the underlying offense with a group of people. Shears v. State,
895 S.W.2d 456, 459 (Tex. App.--Tyler 1995, no pet.). The indictment alleges that appellant acted as a member of a street
gang, the Mexican Mafia. A "criminal street gang" means three or more persons having a common identifying sign or
symbol or identifiable leadership who continuously or regularly associate in the commission of criminal activities. Tex.
Pen. Code Ann. § 71.01 (d) (Vernon Supp. 2001). 

Appellant argues that the State did not provide legally sufficient evidence that members of the prison gang continuously or
regularly associate in the commission of criminal activities. Gerald Silva, gang officer at the Nueces County Jail, testified
that this prison gang is a concern for the safety and security of any internment facility, and that this prison gang engages in
criminal activities such as selling drugs in prison and assaults on other inmates. Additionally, the complainant testified that
he was offered initiation into the gang, and ordered to commit a murder for the gang to become a member. 

This evidence, viewed in a light most favorable to the verdict, is sufficient for the jury to have found beyond a reasonable
doubt that appellant met the elements of the offense of engaging in organized criminal activity. See Johnson, 23 S.W.3d at
7. We overrule appellant's first point of error. 

In his second point of error, appellant challenges the factual sufficiency of the evidence. When we review the factual
sufficiency of the evidence we review all of the evidence. Id. at 11 n.13. We set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Id. at 7. Our duty is to act as a due
process safeguard ensuring only the rationality of the factfinder, not to reweigh the evidence from reading a cold record.
Matamoros v. State, 901 S.W.2d 470, 474 (Tex. Crim. App. 1995). 

Appellant argues that there is factually insufficient evidence to uphold his conviction because there was no evidence that he
acted with the intent to establish, maintain, or participate in a combination.(3) Appellant asserts that there was no evidence
that the assault was a gang-sponsored activity or carried on to meet some objective of the gang. Instead, he denies
membership in the gang, and argues that the gang members joined him in a sporadic assault on a person whom he alone
chose to pursue for purely personal non-gang related reasons. 

The indictment against appellant for engaging in organized criminal activity does not allege that he acted with intent to
establish, maintain, or participate in a combination. Appellant's conviction is therefore not dependent on whether or not
there was evidence that appellant acted in a combination. Appellant was indicted for acting as a member of a criminal
street gang as he engaged in an organized criminal activity. Therefore it is unnecessary for the State to prove that appellant
acted in a combination. 

The State presented evidence that the appellant is a member of a prison gang, that appellant's gang is a criminal street gang,
and that appellant acted and participated as a member of this gang in the assault. The jury heard testimony that the
complainant had refused an opportunity at membership in the gang, and that he had no previous contact with appellant or
any of the other gang members involved in the attack except one. The jury heard further testimony that when the
complainant went to pick up the trays from the gang's cell block, the gang members who attacked him were all lined up to
meet him. Prison Security Officer Rudy Paredes testified that the group converged on complainant in a rugby-like charge.
Both the complainant and Prison Security Officer Gerald Silva testified that appellant was a member of the Mexican Mafia,
and the State presented a document signed by appellant declaring his membership in the gang. 

Our evaluation of the evidence may not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony. Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000). The verdict is not
contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. See Johnson, 23 S.W.3d
at 7. We overrule appellant's second point of error. 

In his third point of error, appellant argues that the trial court's order causing his aggravated assault sentence and his
organized criminal activity sentence to run consecutively is void because it violates mandatory sentencing provisions of the
penal code. "When the accused is found guilty of more than one offense arising out of the same criminal episode
prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced.
Such sentences shall run concurrently." Tex. Pen. Code Ann. § 3.03 (Vernon 1994). 

Both counts were prosecuted in a single trial. The assault alleged as the underlying offense to the organized criminal
activity conviction is the same assault alleged in the aggravated assault sentence. Since both offenses were committed
pursuant to the same transaction they are a "criminal episode." See Tex. Pen. Code Ann. § 3.01 (1) (Vernon 1994).
Therefore, under section 3.03 of the penal code, appellant should have been sentenced to concurrent sentences. We sustain
appellant's third point of error and modify appellant's sentences so that they run concurrently. 

We AFFIRM the judgment of the trial court as modified. 



________________________ 

ROGELIO VALDEZ 

Chief Justice 







Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 22nd day of February, 2001. 

 

1. Tex. Pen. Code Ann. § 22.02 (Vernon 1994).

2. Tex. Pen. Code Ann. § 71.02 (Vernon Supp. 2001).

3. In the context of the title of the penal code dealing with organized crime, "combination" means three or more persons
who collaborate in carrying on criminal activities. Tex. Pen. Code Ann. § 71.01 (a) (Vernon Supp. 2001).